UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| FERNANDO ARMENDARIZ, et al.<br><br>*Plaintiffs*,<br><br>v.<br><br>SIG SAUER, INC.<br><br>*Defendant*. | Case 1:22-cv-00536 |

## DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' CLAIMS BROUGHT UNDER THE NEW HAMPSHIRE CONSUMER PROTECTION ACT

### INTRODUCTION

In this lawsuit, a group of twenty individual plaintiffs are suing Sig Sauer, Inc. ("Sig Sauer") for injuries and damages they allegedly sustained when their P320 model pistols unexpectedly discharged while being handled. Among the claims brought by plaintiffs is an alleged violation of the New Hampshire Consumer Protection Act, RSA 358-A ("NHCPA"). However, none of the plaintiffs are New Hampshire residents, nor do any of the plaintiffs allege they received any information about the P320 pistol in New Hampshire. Because none of the plaintiffs allege any offending conduct was received in New Hampshire as required by the statute, each of their NHCPA claims must be dismissed. The NHCPA requires that any offending conduct occur "within the state" of New Hampshire. Courts in this district have consistently read this to require that a plaintiff must have *received* any alleged misrepresentations in New Hampshire in order to maintain a claim under the NHCPA. None of the plaintiffs can meet this requirement and, therefore, their NHCPA claims must be dismissed as a matter of law.

### FACTUAL BACKGROUND

1

Plaintiffs are twenty individuals – and, in some cases, their spouses – who reside across thirteen different states. *See* Am. Compl. ¶¶ 7-39. None of the plaintiffs reside in New Hampshire. *Id.* ¶ 41. Each of the plaintiffs allege they purchased or were issued a P320 model pistol. *See id.* ¶¶ 153-317. Additionally, each of the plaintiffs further allege they were injured when the P320 pistol discharged unexpectedly and without them intending to fire the pistol. *Id.*[1] Plaintiffs have filed this consolidated action encompassing each of the twenty plaintiff's individual claims.

Each of the plaintiffs brings separate claims for negligence and strict liability claiming their injuries were caused by a defect in the subject P320 pistol. Additionally, each of the plaintiffs brings a claim under the New Hampshire Consumer Protection Act, RSA 358-A ("NHCPA"). However, none of the plaintiffs allege they purchased their pistol in New Hampshire or that they received any information about the P320 pistol in New Hampshire. In fact, none of the plaintiffs allege they received any information, much less misrepresentations, about the P320 pistol prior to purchasing or using the pistols.

After Sig Sauer filed a previous motion to dismiss Plaintiffs' NHCPA claims on the ground that none of the plaintiffs claim they received any alleged misrepresentation within the State of New Hampshire (Dkt. 6), Plaintiffs sought leave to file an amended complaint to clarify that the offending conduct complained of occurred within New Hampshire. *See* Dkt. 27. Sig Sauer assented to the amendment and now files this motion to dismiss Plaintiffs' NHCPA claims on the same ground as its prior motion. Plaintiffs' amendment does nothing to change the outcome because none of the alleged misrepresentations complained of by Plaintiffs were *received* in New Hampshire as required under the NHCPA.

## LEGAL STANDARD

---

[1] Several of the plaintiff did not sustain physical injuries as a result of being impacted by the bullet, but claim they are suffering from mental or emotional issues related to the incident. *See, e.g.*, Am. Compl. ¶¶ 208, 293, 307.

"The proponent of a claim must plead a plausible—not merely conceivable—claim upon which relief can be granted. *Galvin v. U.S. Bank, N.A.*, 852 F.3d 146, 155 (1st Cir. 2017); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) ("a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'"). A complaint must set forth "factual allegations [that are] enough to raise a right to relief above the speculative level, on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Franchi v. New Hampton Sch.*, 656 F. Supp. 2d 252, 255 (D.N.H. 2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). This showing "requires more than labels and conclusions[.]" *Id*. A court takes a plaintiff's factual allegations as true but sets aside conclusory statements and legal conclusions. *Id.*; *Freeman v. Town of Hudson*, 714 F.3d 29, 35 (1st Cir. 2013). Thus, courts disregard "statements in the complaint that merely offer legal conclusions couched … as fact or threadbare recitals of the elements of the cause of action." *Lemelson v. U.S. Bank Nat'l Ass'n*, 721 F.3d 18, 21 (1st Cir. 2013) (internal quotations omitted). "If the allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture," dismissal is appropriate. *Newman v. Lehman Bros. Holdings Inc.*, 901 F.3d 19, 25 (1st Cir. 2018) (internal quotations omitted).

## ARGUMENT

New Hampshire's Consumer Protection Act "proscribes only unfair and deceptive acts in 'trade or commerce **within this state**.'" *BAE Sys. Info. & Elecs. Sys. Integration v. Spacekey Components, Inc.*, No. 10-cv-370-LM, 2011 US Dist. LEXIS 48834, at *10-12 (D.N.H. May 4, 2011) (emphasis added); *see also* N.H. Rev. Stat. § 358-A:2. In *BAE*, this Court confirmed that "the locus of conduct proscribed by [the NHCPA] **is the place where the misrepresentation is received**." *Id.* at *6 (citing *Environamics Corp. v. Ferguson Enters.*, 2001 DNH 175, 9, No. Civ.

3

00-579-JD, 2001 U.S. Dist. LEXIS 25481, at *10-11 (D.N.H. Sept. 24, 2001) (emphasis added) (holding that receipt of misrepresentation must occur in the State of New Hampshire to be actionable under New Hampshire's Consumer Protection Act). In other words, if the alleged misrepresentation was *received by a plaintiff* in any state other than New Hampshire, the NHCPA does not apply.

Your Honor recently confirmed the limited reach of the NHCPA in a similar case involving an out-of-state plaintiff in *Ortiz v. Sig Sauer, Inc.*, 448 F. Supp. 3d 89 (D.N.H. 2020). In *Ortiz,* plaintiff was an Arizona resident who purchased a P320 model pistol in 2016. *Id.* at 95. In August 2017, Sig Sauer implemented a voluntary upgrade program to enhance the drop safety of the P320 pistol after it was discovered that under certain conditions beyond those included in the various abusive handling testing standards to which the P320 pistol – and virtually all firearms sold in the U.S. were tested to – a P320 pistol may fire if dropped at a certain angle. *Id.* The upgrade program replaced certain internal components of the P320 pistol with lighter components to reduce the overall mass and enhance the drop safety. This program was free to all persons who had purchased a P320 pistol prior to August 2017, including plaintiff. In September 2019, rather than seeking to have his pistol upgraded, plaintiff Ortiz filed a putative class action against Sig Sauer arguing that Sig Sauer had failed to disclose a material defect in the P320 pistol that would cause it to fire when dropped to the ground. *Id.* at 95.

Among the claims brought by plaintiff was a violation of the NHCPA. Sig Sauer moved to dismiss the NHCPA claim because plaintiff received the purported misrepresentations in Arizona, where he resided, and not within New Hampshire as required by the NHCPA. *Id.* at 107. Ortiz argued there, just as Plaintiffs argue here, that the NHCPA did not require a consumer to receive the offending misrepresentations in New Hampshire, but rather, that it was sufficient if the

purported misrepresentations originated from a place of business in New Hampshire. *Id.* Your Honor rejected Ortiz's argument, holding that "a misrepresentation is made 'within-this-state' when New Hampshire is the 'locus of the offending conduct,' or, put differently, **whenever a person *receives* a misrepresentation in the State of New Hampshire**." *Id.* (quoting *BAE*, 2011 WL 1705592 at *6) (emphasis added). Because plaintiff Ortiz received any alleged misrepresentations in Arizona, no offending conduct occurred within the state of New Hampshire and, therefore, plaintiff could not maintain a NHCPA claim. *Id.* at 108.

Here, as in *Ortiz*, all of the plaintiffs reside outside of New Hampshire. *See* Compl. ¶¶ 41 ("Each plaintiff resides in a state other than New Hampshire."). None of the plaintiffs allege they purchased their P320 pistols in New Hampshire or that they received any information (much less alleged representations) in New Hampshire. As a result, plaintiffs cannot establish that New Hampshire was the "locus of the offending conduct" as required to maintain a claim under the NHCPA. Because none of the plaintiffs can establish this necessary requirement, each of their individual claims brought under the New Hampshire Consumer Protection Act must be dismissed as a matter of law.

In their motion for leave to amend, Plaintiffs argue that this Court's 1996 decision in *Pacamor Bearings, Inc. v. Minevea Co., Ltd.*, 918 F. Supp. 491 (D.N.H. 1996) supports their position that where the alleged misrepresentations were developed in New Hampshire, that is sufficient to meet the NHCPA's requirement that offending conduct "within this state." Dkt. 27, at 2. Plaintiffs' reliance on *Pacamor* is misplaced, as Your Honor has already found. In *Pacamor*, the Court held that a ball bearing manufacturer who sold products both within the State of New Hampshire and outside the state could be sued by a competitor under the NHCPA for allegedly fraudulent conduct. 918 F. Supp. at 504. As Your Honor noted in the *Ortiz* decision, "[w]hile the

5

court in *Pacamor* found that out-of-state sales were relevant to the Plaintiff's NHCPA claim, the court made no findings as to where misrepresentations occur for purposes of the statute." 448 F. Supp. 3d at 108 n.51. Multiple decisions, in addition to Your Honor's *Ortiz* decision, have confirmed that in the context of alleged misrepresentations, the offending conduct occurs where the plaintiff ***receives*** the information. *See, e.g., BAE*, 2011 WL 1705592 at *5-6 ("an out-of-state entity complaining about conduct originating in New Hampshire that has extraterritorial effect" fails to state a claim under the NHCPA); *Fujifilm N. Am. Corp. v. M&R Printing Equip., Inc.*, 565 F. Supp. 3d 222, 236-37 (confirming the NHCPA focuses on where alleged misrepresentations are received for purposes of standing and rejecting argument that it is sufficient for NHCPA purposes that misrepresentations originated in New Hampshire); *Luna v. Atrium Medical Corp.*, 561 F. Supp. 3d 62, 68 (D.N.H. 2021) (dismissing NHCPA claim on summary judgment where alleged misrepresentations regarding a medical device were developed in New Hampshire but received by plaintiff's doctor in California).

Nothing in Plaintiffs' Amended Complaint – which focuses solely on the origination of the representations complained of – allows Plaintiffs to overcome this fatal deficiency in their NHCPA claims. Thus, because none of the Plaintiffs can establish they received any alleged misrepresentations about the P320 pistol within New Hampshire, each of their individual NHCPA claims must be dismissed.

## **CONCLUSION**

For the foregoing reasons, Sig Sauer respectfully requests the Court grant its motion and dismiss each individual Count alleging violation of the New Hampshire Consumer Protection Act.

|  |  |
|---|---|
| Dated: March 24, 2023 | */s/ Mark V. Franco*<br>Mark V. Franco, Esq.<br>*Attorney for Defendant* |

**DRUMMOND WOODSUM**
84 Marginal Way, Suite 600
Portland, ME  04101-2480
Tel: (207) 772-1941
mfranco@dwmlaw.com

|  |  |
|---|---|
| Dated: March 24, 2023 | */s/ Demetrio Aspiras*<br>Demetrio F. Aspiras, Esq.<br>*Attorney for Defendant* |

**DRUMMOND WOODSUM**
670 N. Commercial Street, Suite 207
Manchester, NH 03101
Tel: (603) 792-7414
daspiras@dwmlaw.com

|  |  |
|---|---|
| Dated:  March 24, 2023 | /s/ B. Keith Gibson<br>B. Keith Gibson, Esq. (Admitted *Pro Hac Vice*)<br>Robert L. Joyce, Esq. (Admitted *Pro Hac Vice*)<br>Carolyn R. Davis, Esq. (Admitted *Pro Hac Vice*)<br>*Attorneys for Defendant* |

**LITTLETON PARK JOYCE UGHETTA & KELLY, LLP**
The Centre at Purchase
4 Manhattanville Road, Suite 202
Purchase, NY 10577
Tel.: (914) 417-3400

## **CERTIFICATE OF SERVICE**

I, Mark V. Franco, Esq., hereby certify that on this 24th day of March, 2023, I filed the foregoing with the Clerk of Court for the United States District Court for the District of New Hampshire using the CM/ECF system which will send electronic notification of same to all parties and counsel on record.

Dated: March 24, 2023                          /s/ Mark V. Franco
                                                                Mark V. Franco, Esq.
                                                                *Attorney for Defendant*

**DRUMMOND WOODSUM**
84 Marginal Way, Suite 600
Portland, ME  04101-2480
Tel: (207) 772-1941
mfranco@dwmlaw.com