

| DELAWARE COUNTY OFFICE | ONE LIBERTY PLACE, 52ND FLOOR | NEW JERSEY OFFICE |
|---|---|---|
| 20 WEST THIRD STREET | 1650 MARKET STREET | 8000 SAGEMORE DRIVE |
| P.O. BOX 1670 | PHILADELPHIA, PA 19103 | SUITE 8303 |
| MEDIA, PA 19063 | VOICE 215.496.8282 | MARLTON, NJ 08053 |
| VOICE 610.627.9777 | FAX 215.496.0999 | VOICE 856.751.8383 |
| FAX 610.627.9787 | | FAX 856.751.0868 |

MONTGOMERY COUNTY OFFICE
120 GIBRALTAR RD
SUITE 218
HORSHAM, PA 19044
VOICE 215.496.8282
FAX 215.754.4443

ROBERT W. ZIMMERMAN
215-606-3898
RZIMMERMAN@SMBB.COM

August 29, 2024

**<u>Via Electronic Filing</u>**

The Honorable Joseph N. Laplante
United States District Court
District of New Hampshire

     **RE:** **Fernando Armendariz, et al v. Sig Sauer, Inc.**
        **Civil Action No.: 1:22-cv-00536-JL-AJ**

Your Honor,

  We request a conference with the Court to discuss the plan for depositions in this matter. Specifically, despite first requesting in-person depositions of each Plaintiff in the city in which he or she resides, Defendant Sig Sauer has made a more recent demand that all Plaintiffs fly to New Hampshire for in-person depositions. Plaintiffs' counsel has requested that counsel for Sig Sauer conduct the Plaintiffs' depositions remotely, rather than in-person in the home states of the Plaintiffs or in New Hampshire, and seeks the Court's guidance pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure.

  By way of background, to date, Plaintiffs have conducted the videotaped depositions of all of Sig Sauer's employee witnesses, corporate designees, and experts <u>remotely</u>. Plaintiffs conducted these remote depositions for the cost, convenience, and litigation-efficiency benefit of all parties, given that these witnesses were in several states throughout the country, as were the attorneys for each party. In July of this year, Plaintiffs' counsel and Defendant's counsel met by telephone to discuss a plan to begin conducting depositions of the Plaintiffs in this action. The parties by that point had completed written discovery in a cooperative fashion, including the exchange of case-specific and general interrogatories, requests for documents, and requests for admissions, along with completing authorizations for access to information in the possession of third parties (medical records and responder reports).

During the July call, Defense counsel suggested that the depositions of the 52 plaintiffs should be conducted in-person, in the city in which each plaintiff resided. At that time, Plaintiffs' counsel requested that the Plaintiff depositions be conducted remotely, in the same manner that Plaintiffs have conducted each and every deposition of Sig Sauer's witnesses. While counsel for defendant advised it would consider Plaintiffs' request, Sig Sauer thereafter contacted Plaintiffs' counsel denying the request for remote depositions and demanding that each Plaintiff's deposition now be conducted in-person in New Hampshire.

Federal Rule of Civil Procedure 30 governs depositions. In disputes over the location of the deposition, the Rule permits counsel to request that the deposition take place via remote means. *See* In re Att'y Gen. of Quebec, No. 1:21-MC-00264-JCN, 2021 WL 4497145, at *3 (D. Me. Sept. 30, 2021) ("Federal Rule of Civil Procedure 30 specifically authorizes the Court to order a deposition be taken by remote means.").

In mass tort litigation and other matters where there are multiple plaintiffs in a single legal proceeding, it is common for the parties to use remote depositions to efficiently and conveniently discover information prior to trial. *See e.g. Shockey v. Huhtamaki, Inc.*, 280 F.R.D. 598, 599 (D. Kan. 2012) (granting plaintiffs' protective order that seven (7) plaintiffs in an FLSA collective action, who resided out-of-state, appear for their depositions remotely). In *Shockey,* the trial court reasoned that the commonplace usage of high quality and low cost videoconferencing capabilities better served the purposes of a "just, speedy, and inexpensive determination" of the action.  *Id.* 602-603.  Here, where there will be over *fifty* depositions of Plaintiffs (not including loss of consortium plaintiffs) the need for efficiency, convenience and conservation of costs and resources warrants remote video depositions of the Plaintiffs.

Plaintiffs acknowledge that they have selected New Hampshire as the legally-permissible forum in which their cases would be heard and tried. However, Plaintiffs' counsel's request is that the depositions of Plaintiffs be conducted remotely, regardless of whether the depositions would otherwise take place in the home cities of Plaintiffs or in New Hampshire.

Plaintiffs' counsel has advised Defendant that it intends to seek a conference with the Court to discuss Defendant's latest deposition request, and our office will make ourselves available at any time that is convenient for the Court. Thank you for your consideration of this request.

Respectfully,

**SALTZ MONGELUZZI BENDESKY**

By: *Robert W. Zimmerman*
  Robert W. Zimmerman, Esquire