**UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| IN RE: ARMENDARIZ, ET AL. V. SIG SAUER, INC., <br><br> VINCENT CICALA and JESSICA CICALA (H/W) <br><br> *Plaintiffs,* <br><br> v. <br><br> SIG SAUER, INC. <br><br> *Defendant.* | **SHORT FORM ANSWER TO PLAINTIFFS' AMENDED COMPLAINT** <br><br> **JURY TRIAL DEMANDED** <br><br> **CASE NO. 1:22-CV-00536-JL** |

<u>**DEFENDANT SIG SAUER INC.'S SHORT FORM ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SHORT FORM AMENDED COMPLAINT AND JURY DEMAND**</u>

Defendant SIG SAUER INC. ("SIG"), through its undersigned counsel, hereby files its Short Form Answer and Affirmative Defenses to Plaintiffs Vincent Cicala ("Plaintiff") and Jessica Cicala's (collectively, "Plaintiffs") Short Form Amended Complaint and Jury Demand [Dkt. 108]. SIG respectfully submits as follows:

**I.    ALLEGATIONS COMMON TO ALL PLAINTIFFS**

1.    SIG incorporates by reference its responses to Paragraphs 1–152 in its Answer to Plaintiffs' Complaint, filed in *Armendariz v. Sig Sauer, Inc.,* Case No. 22-cv-536-JL (the "*Armendariz* Answer"), ECF No. 54, as if set forth fully herein.

**II.    JURISDICTION AND VENUE**

2. SIG answers the allegation for the basis for jurisdiction and venue as follows:

    ☒ As alleged in the *Armendariz* Answer; **<u>AND/OR</u>**

    ☐ Other: _____

1

## III.    INDIVIDUAL ALLEGATIONS

3. SIG is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 3 of Plaintiffs' Short Form Complaint and therefore denies the same.

   a. SIG is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 3(a) of Plaintiffs' Short Form Complaint and therefore denies the same.

   b. SIG is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 3(b) of Plaintiffs' Short Form Complaint and therefore denies the same.

4. SIG admits that claims are brought on behalf of the Plaintiffs in this action as alleged in Paragraph 4 of Plaintiffs' Short Form Complaint, but SIG denies it is liable to either of the Plaintiffs under any theory.

5. SIG is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 5 of Plaintiffs' Short Form Complaint and therefore denies the same.

6. SIG is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 6 of Plaintiffs' Short Form Complaint and therefore denies the same.

7. SIG is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 7 of Plaintiffs' Short Form Complaint and therefore denies the same.

8. SIG is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 8 of Plaintiffs' Short Form Complaint and therefore denies the same.

9. SIG is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 9 of Plaintiffs' Short Form Complaint and therefore denies the same

10. SIG is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 10 of Plaintiffs' Short Form Complaint and therefore denies the same.

11. SIG denies the allegation contained in Paragraph 11 to the extent it suggests the subject P320 pistol discharged without trigger actuation. The internal safeties in the P320 pistol prevent it from firing without the trigger being actuated and, therefore, the only way the pistol could have fired is if Plaintiff's finger or some foreign object caused the trigger to be pulled. SIG denies any remaining allegations contained in Paragraph 11 of Plaintiffs' Short Form Complaint.

12. SIG is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 12 of Plaintiffs' Short Form Complaint regarding the injuries sustained, but SIG denies Plaintiff's injuries were caused by any defect in or malfunction of the subject P320 pistol.

13. SIG denies that it is responsible for the Plaintiff's injuries or liable to the Plaintiffs in any way. SIG further denies that the subject incident was caused by any defect or malfunction in the subject P320 pistol. Rather, the incident was caused by inadvertent trigger actuation by the Plaintiff or some foreign object which caused the trigger to be pulled and the pistol to fire as designed. SIG is without sufficient knowledge to either admit or deny the allegations regarding the damages allegedly sustained by Plaintiffs, but SIG denies that Plaintiffs are entitled to any damages in this action. SIG denies any remaining allegations contained in Paragraph 13 Short Form Complaint and respectfully refers all questions of law to this Honorable Court.

## IV.    CLAIMS / COUNTS

14.    **AS AND FOR AN ANSWER TO COUNT I – NEGLIGENCE (*Plaintiff v. Sig Sauer*)**

   ☒ SIG adopts and alleges the same responses to Paragraphs 319 – 326 as are included in the *Armendariz* Answer.

☐    SIG responds to the additional negligence theory of liability as attached hereto.

15.    **AS AND FOR AN ANSWER TO COUNT II – STRICT PRODUCT LIABILITY (*Plaintiff v. Sig Sauer*)**

☒    SIG adopts and alleges the same responses to Paragraphs 327 – 332 as are included in the *Armendariz* Answer.

☐    SIG responds to the additional negligence theory of liability as attached hereto.

16.    **AS AND FOR AN ANSWER TO COUNT III – LOSS OF CONSORTIUM (*LOC Plaintiff v. Sig Sauer*)**

☒    SIG is without sufficient knowledge to either admit or deny the allegations regarding any loss or damages sustained by the spouse of the Plaintiff as a result of the Plaintiff's injuries, but SIG denies that it is liable for any such loss or damage. SIG denies any remaining allegations contained in Paragraph 16 of Plaintiffs' Short Form Complaint.

17.    **AS AND FOR AN ANSWER TO ADDITIONAL COUNTS**

a.    Plaintiffs do not include any additional Counts in Paragraph 17(a) of Plaintiffs' Short Form Complaint and, therefore, no response is required of SIG. To the extent any response is required, SIG denies all additional allegations.

b.    Plaintiffs do not include any additional theories in Paragraph 17(b) of Plaintiffs' Short Form Complaint and, therefore, no response is required of SIG. To the extent any response is required, SIG denies all additional allegations.

c.    Plaintiffs do not include any additional theories in Paragraph 17(c) of Plaintiffs' Short Form Complaint and, therefore, no response is required of SIG. To the extent any response is required, SIG denies all additional allegations.

**WHEREFORE,** Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiff(s) together with all costs and attorneys' fees.

## AFFIRMATIVE DEFENSES

SIG hereby incorporates all affirmative defenses articulated in the *Armendariz* Answer and intends to incorporate hereto any additional Affirmative Defenses as are articulated in any future amended answer.

### FIRST AFFIRMATIVE DEFENSE
#### (Failure to State a Claim)

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
#### (Proximate Cause)

No act or omission of Sig Sauer was the proximate cause and/or a producing cause of any injury to Plaintiff.

### THIRD AFFIRMATIVE DEFENSE
#### (Product Misuse / Improper Use)

Plaintiff's alleged injuries were caused by misuse, abnormal use, or improper use of the subject firearm. SIG has no control over the maintenance, handling, or use of its products. SIG further states that if there was any defect or deficiency to a product manufactured by SIG, at the time of the incident alleged, such defect or deficiency did not relate to the original design, manufacture or sale of the product or of any problems undertaken by SIG, but on the contrary, the result is of other acts or omissions on the part of others for whom SIG is not responsible including negligent or faulty maintenance, handling, use, or alteration.

### FOURTH AFFIRMATIVE DEFENSE
#### (Comparative Negligence)

Plaintiff failed to exercise ordinary care and caution for his own safety. Plaintiffs' own negligence proximately caused the injuries complained of herein. In this regard, and generally, SIG

hereby invokes the doctrine of contributory/comparative negligence, which reduces any recovery by Plaintiffs proportionately to the fault attributed to Plaintiffs.

## FIFTH AFFIRMATIVE DEFENSE
### (Intervening / Superseding Cause)

SIG will show that any injury was due to and proximately caused and occasioned by the intervening and/or superseding cause, negligence and/or recklessness of a party or parties other than SIG. Such intervening and/or superseding cause, negligence and/or recklessness was/were the sole and proximate cause of the injuries sustained by Plaintiff, and therefore, Plaintiff cannot recover against SIG.

## SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiffs' claims and damages may be limited, in whole or in part, by their failure to mitigate damages. Plaintiffs failed to follow a proper post-operative care protocol and/or sought and underwent contra-indicated post-operative medical care and treatment that caused, aggravated, and/or exacerbated their alleged injuries and damages.

## SEVENTH AFFIRMATIVE DEFENSE
### (Government Contractor Defense)

Plaintiffs' claims are barred under the government contractor defense and/or the doctrine of derivative sovereign immunity because, among other things, SIG supplied the P320 in question pursuant to government specifications and/ or a government contract that specified the characteristics of the pistol, including but not limited to, that the pistol not include an external safety.

## EIGHTH AFFIRMATIVE DEFENSE
### (Optional Equipment Doctrine)

Plaintiffs' claims are barred by the optional equipment doctrine.

## NINTH AFFIRMATIVE DEFENSE
### (PLCAA)

Claims are barred by the Protection of Lawful Commerce in Arms Act.

## TENTH AFFIRMATIVE DEFENSE
### (Second Amendment)

Claims are barred by the Second Amendment.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Assumption of Risk)

Plaintiffs assumed the risk of the injuries and damages claimed as a result of the events set forth in the Complaint and their assumption of risk bars or reduces their recovery.

## TWELFTH AFFIRMATIVE DEFENSE
### (Setoff)

SIG invokes its right to a reduction in any dollar verdict which may be rendered in this case by credit for payments made to the Plaintiffs by other persons or entities, or by percentage reductions to which SIG would be entitled as a result of a jury finding against Plaintiffs or parties other than SIG. SIG reserves its right to submit issues against parties, including the Plaintiffs, and other parties who may be absent from this case at the time the case is submitted to the jury.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Compliance with Government Standards)

The subject firearms and all component parts complied with all federal, state, and local codes, government and industry standards, regulations, specifications, and statutes regarding the manufacture, sale, and use of the product at all times pertinent to this action.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Misuse/Abuse)

Plaintiffs are not entitled to recover, or their damages may be reduced proportionally, to the extent any alleged damages or injuries were caused by the misuse, abuse, failure to properly maintain

or care for the products at issue herein, or substantial modification of the products.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (State of the Art)

Plaintiffs cannot recover herein against SIG because the design, manufacture, packaging, warning and labeling of the products described in Plaintiffs' Complaint were in conformity with the generally recognized state of the art, practice, custom, and knowledge at the time such product was designed, manufactured, packaged and labeled.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Written Warnings)

No warnings or instructions were required because any claimed danger would be apparent to an ordinary user. However, SIG provided written warnings against the particular uses, misuses, or abuses by the Plaintiffs of the firearms that are the subject of the Complaint. The warnings and instructions were sufficient to inform an ordinary user of the risk of harm. The risk of harm was one that an ordinary user would reasonably expect.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Negligence of Others)

The occurrence, injuries and damages claimed by Plaintiffs were proximately caused by the acts, omissions, fault, and/or negligence of Plaintiffs and/or other third parties over whom SIG had no right to control.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Not Unreasonably Dangerous)

Plaintiffs' recovery is barred, diminished, or reduced to the extent that the dangers, if any, associated with the product referenced in Plaintiffs' Complaint, were not unreasonable, were known by the Plaintiffs, constituted commonly or generally known dangers, were open or obvious, and because Plaintiffs were knowledgeable users of the product.

### NINETEENTH AFFIRMATIVE DEFENSE
#### (Limitations on Damages)

Plaintiffs' claims and alleged damages are barred, reduced, and/or limited pursuant to applicable statutory and common law regarding limitations of awards and damages, caps on recovery, setoffs, and apportionment.

### TWENTIETH AFFIRMATIVE DEFENSE
#### (No Right to Punitive Damages)

There is no basis in law or fact for the imposition of punitive damages with respect to Plaintiffs' claims against SIG. There is no clear and convincing evidence that SIG was guilty of willful misconduct, malice, fraud, wantonness, oppression, or entire want of care that would raise the presumption of conscious indifference to the consequences and, accordingly, Plaintiffs are not entitled to recover punitive damages in any sum whatsoever.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
#### (N.H. Rev. Stat. Ann. § 507-D:6)

New Hampshire law applies to Plaintiffs' claims, and N.H. Rev. Stat. Ann. § 507-D:6 bars Plaintiffs' recovery.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
#### (Sophisticated User)

Plaintiffs' claims are barred by the sophisticated user doctrine.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
#### (Unavoidably Unsafe)

Plaintiffs' claims are barred by the doctrines of inherently or unavoidably unsafe products.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
#### (State Prohibitions on Civil Actions against Firearms Manufacturers)

In the event that this Court determines that the laws of the state where the incident occurred applies to any of Plaintiffs' claims, then state laws concerning the liability of, or legal action against,

9

a firearm manufacturer, including but not limited to any statutes providing that the capability of a firearm to cause serious injury or death does not make the product defective in design, bars Plaintiffs' recovery.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
**(Assumption of Known Risk)**

Plaintiffs voluntarily and unreasonably used the product, knowing and understanding its characteristics, and are therefore barred from recovery.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
**(Claims Barred Under Applicable State Statutes)**

In the event that this Court determines that the laws of the state where the incident occurred applies to any of Plaintiffs' claims, then Plaintiffs' claims are barred under applicable state statutes, including but not limited to relevant product liability acts that limit common law negligence or establish the exclusive theories of liability for manufacturers for damage caused by their products.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
**(Right to Amend)**

SIG reserves the right to amend its answer and plead additional or more specific affirmative defenses as warranted by the facts determined through the conclusion of the discovery process.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE
**(Reservation of Rights)**

SIG reserves the right to amend and assert additional defenses.

### JURY DEMAND

Defendant Sig Sauer, Inc. requests a trial by jury on all issues so triable. Fed. R. Civ. P. 38.

**WHEREFORE,** having fully answered Plaintiffs' Short Form Complaint, Sig Sauer, Inc., respectfully requests this Court to enter its Order:

A.    Dismissing Plaintiffs' First Amended Complaint with prejudice;

B.    Awarding SIG its costs incurred in defending this action; and

C.        Awarding SIG such other relief as this Court deems just and proper.


Respectfully submitted,

**/s/ Kevin M. O'Shea**
Sulloway & Hollis PLLC
9 Capitol St
Concord, NH 03301-1256
603 223-2829
Fax: 603 223-2929
Email: koshea@sulloway.com
*Attorney for Defendant*

Dated: March 25, 2026

## CERTIFICATE OF SERVICE

I, Kevin M. O'Shea., hereby certify that on this day of March 25, 2026, I filed the foregoing with the Clerk of Court for the United States District Court for the District of New Hampshire using the CM/ECF system which will send electronic notification of same to all parties and counsel on record.

**Kevin M. O'Shea**
Sulloway & Hollis PLLC
9 Capitol St
Concord, NH 03301-1256
603 223-2829
Fax: 603 223-2929
Email: koshea@sulloway.com
*Attorney for Defendant*

11