**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| **FERNANDO ARMENDARIZ, et al.,** | : |
| | : |
| *Plaintiffs,* | : |
| v. | :    **NO. 1:22-cv-00536** |
| | : |
| **SIG SAUER, INC.,** | : |
| *Defendant.* | : |
| | : |

**ORDER**

**WHEREAS,** Plaintiffs have filed this lawsuit to recover damages that arise from the discharge of a Sig Sauer P320.

**WHEREAS,** Plaintiffs allege, among other things, that the Subject P320s involved in each Plaintiffs' incident were defective and discharged unintentionally.

**WHEREAS**, the Subject P320s and other physical evidence involved in the incidents of 7 bellwether Plaintiffs are currently in the custody, possession, or control of the following law enforcement department(s) (collectively, "Law Enforcement Departments"):

1. <u>Vincent Cicala</u> – Phillipsburg Police Department

2. <u>James Garth</u> – Richmond County Sheriff's Office

3. <u>Joseph Halase</u> – Department of Homeland Security, Immigration and Customs Enforcement

4. <u>Adam Maritato/Robert Parks:</u> Milwaukee Police Department

5. <u>John McArtor</u> - Department of Homeland Security, Immigration and Customs Enforcement

6. <u>James Scoppa –</u> Atlantic County Prosecutor's Office

**WHEREAS**, the parties agree that transfer of this evidence to the possession of the parties is necessary for purposes of inspection, examination, testing, and/or use in connection with this litigation.

**IT IS HEREBY ORDERED:**

1.      Any other department or agency having custody or control of the Subject P320s relating to this matter, is hereby **ORDERED** to transfer all such physical evidence to the parties and/or their authorized representatives as directed below.

2.      The Subject P320s and other physical evidence shall be transferred to an FFL and/or evidence custodian agreed upon by the Parties.

3.      All transfers of the Subject P320s required under this Order shall be within 30 days of this Order, unless extended by further order of this Court.

4.      Upon the transfer of any physical evidence pursuant to this Order, the transferring Law Enforcement Department shall provide the receiving party with (i) complete chain of custody documentation for all transferred evidence and (ii) a written inventory of all items transferred.

5.      Upon request from any transferring Law Enforcement Department, the Parties will reimburse the costs associated with transferring the evidence.

6.      Each party shall have reasonable access to all transferred Evidence for inspection and non-destructive examination. Requests for access shall be made in writing with reasonable advance notice, and the parties shall cooperate in good faith to schedule mutually convenient times for such access.

7.      Upon conclusion of this litigation, including any appeals, the parties shall confer regarding the return or final disposition of any evidence transferred under the direction of this Order. Any final disposition shall be by agreement of the parties or further order of the Court, without prejudice to the right of any subject law enforcement agencies to seek appropriate relief.

8.      The identified Law Enforcement Departments, and any other department subject to this Order, shall comply with this Order within the time specified herein. Counsel for the parties are authorized to serve a copy of this Order upon the identified Law Enforcement Departments and to coordinate logistics of transfer.

9.      Any law enforcement agency encountering difficulty complying with this Order shall promptly notify all counsel of record and the Court.

10.     This Court retains jurisdiction to enforce the terms of this Order, to resolve any disputes arising from the transfer or handling of the Subject P320s, and to enter such further orders as justice may require.

**So Ordered,**

Joseph N. Laplante
United States District Judge

Dated:  April 20, 2026